UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-565-JGH

YVONNE HILBERT                                                    PLAINTIFF

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

  To be in federal court, a case must satisfy certain jurisdictional requirements.  To be in a *particular* federal court, a case must meet certain requirements to establish that court as the proper venue.  Some federal statutes, like the Employee Retirement Income Security Act, give rather broad venue parameters.  Claims for ERISA-governed benefits "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ."  29 U.S.C. § 1132(e)(2) (2012).  Yvonne Hilbert brought her claims in this Court—and the parties agree that her choice is proper under the statute.  Although, the Lincoln National Life Insurance Company ("Lincoln") believes that this case should be transferred to a more convenient venue.  After careful consideration, the Court agrees with Lincoln and transfers this case to the Middle District of Pennsylvania.

  The threshold question before transferring a case is always whether the action "might have been brought" in the potential transferee venue.  28 U.S.C. § 1404(a).  Here, the parties agree that Hilbert's action might have been brought in the Middle District of Pennsylvania.  The next inquiries, then, require a potential transferor court to "consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other

public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rahm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (citation omitted).  In addressing these considerations, the Sixth Circuit instructs district courts to examine: (1) the location of witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) systematic integrity and fairness; and (6) plaintiff's choice of forum.  The moving party must demonstrate that the balance of the factors weighs in favor of transfer.  *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, 2013 WL 542547, at *2 (W.D. Ky. Sept. 26, 2013) (citation omitted).  Though it is true that "the plaintiff's choice of forum should rarely be disturbed . . . the plaintiff's choice is by no means dispositive." *Id.* (citation omitted).

Few facts are relevant to these inquiries.  Yvonne Hilbert claims that she is physically unable to perform a sedentary occupation because of severe pain.  She sued Lincoln seeking long-term disability under an ERISA-governed employee benefit plan.  This Court is 600 miles away from her home, which is located within the Middle District of Pennsylvania.  Apparently, one of the divisional courthouses in that district is only four miles away from her home.  Hilbert's former employer established and administered her benefits plan.  That employer is also located in the Middle District of Pennsylvania.  All of her medical information and all of her treating physicians are located in the Middle District of Pennsylvania.  And the defendant's principal place of business is in the Eastern District of Pennsylvania.  The only connection to this Court is that Hilbert's counsel resides and practices law within the Western District of Kentucky.

Thus, the Sixth Circuit's factors militate for transfer of this case.  As for the second factor, Hilbert resides in the Middle District of Pennsylvania, and Lincoln's principal place of

business is in the Eastern District of Pennsylvania.[1]  The first and third factors, the location of

witnesses and evidence, are often irrelevant in ERISA suits since these cases are typically

decided on review of the administrative record.  They may become relevant, however, in cases

like this one where it appears the plaintiff plans to assert claims and seek relief beyond the

traditional ERISA § 502(a)(1)(B) claim for benefits.[2]  Most possible witnesses, it seems, are

located in Pennsylvania—this includes Hilbert; Delta Dental, her former employer and plan

administrator; and Lincoln employees who are involved in claims, management, and finance.  It

is true that the employees who participated in Hilbert's claim are stationed in Nebraska, but it

still appears that most potential witnesses and the Lincoln witnesses best positioned to testify

about whether Lincoln had established "claims processes intentionally designed to delay and

deny claims" are located in Pennsylvania .  DN 9-1, PageID #39.  As for the location of

evidence, this factor is neutral in this case.  Again, this is because of the use of the administrative

record in ERISA cases.  But to the extent that Hilbert pursues non-traditional ERISA claims,

information relating to Lincoln's operational processes and the like would much more likely be

found in Pennsylvania than here in Western Kentucky.  To the fourth factor—location of events

giving rise to the suit—Lincoln put forth several cases supporting the proposition that the place

of an ERISA breach is the place where payment was to be received.  *See, e.g., Coulter v. Office*

*& Prof'l Emps. Int'l Union*, 2003 WL 21938910, at *3 (E.D. Tenn. June 10, 2003).  The fifth

factor, systematic integrity and fairness, also cuts against Hilbert.  Frankly, this case has almost

no connection to Western Kentucky.  Indeed, the only connection is Hilbert's counsel.  Though

this venue is technically proper, Hilbert's choice to file in Western Kentucky raises concerns of

---

[1] Hilbert's counsel actually disputes this, based in part on the deposition of a Lincoln employee in another case.  Lincoln denies that employee had requisite knowledge to testify on its organizational structure, and it avers that its principal place of business is in Radnor, Pennsylvania.  The Court sees no reason to doubt this assertion.

[2] Hilbert also claims that Lincoln breached a fiduciary duty and seeks disgorgement of any improper gains realized from that breach.

forum shopping.  Last is the consideration of Hilbert's choice of forum.  Usually, a plaintiff's choice receives deference.  Several courts, however, have indicated it is given little deference when the plaintiff chooses a forum that is not her home.  *See, e.g., Dorsey v. Hartford Life & Accident Ins. Co.*, 2009 WL 793384, at *4 (E.D. Tenn. Mar. 16, 2009).  Though the Court considered her choice, the choice received little deference given the circumstances.  With the other factors against her, the Court will transfer.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to transfer pursuant to 28 U.S.C. § 1404(a) is SUSTAINED and the case is hereby TRANSFERRED to the United States District Court for the Middle District of Pennsylvania.

cc:     Counsel of Record