IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YVONNE HILBERT,** | **Civ. No. 1:15-cv-0471** |
| **Plaintiff** | |
| v. | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | |
| | **Judge Sylvia H. Rambo** |
| **Defendant** | |

# MEMORANDUM

In this civil action brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, Plaintiff claims that the administrator of her long term disability plan wrongfully denied her benefits and, in doing so, breached its fiduciary duties. Presently before the court is Defendant's motion for judgment on the pleadings with respect to Plaintiff's breach of fiduciary duty and disgorgement claims. (Doc. 31.) Upon consideration of the motion and for the reasons discussed herein, the court concludes that Plaintiff is limited to a denial of benefits claim under § 1132(a)(1)(b), and will therefore grant Defendant's motion in its entirety.

## I.   Background

This case arises out of a complaint filed by Plaintiff Yvonne Hilbert ("Plaintiff") on August 11, 2014, relating to an ERISA-governed employee benefit plan administered by The Lincoln National Life Insurance Company

("Defendant"). In the complaint, Plaintiff alleges that she ceased working in September 2012 because of a disabling condition and corresponding treatment regime, and that she remains disabled and unable to maintain gainful employment. (Doc. 1, ¶ 9.) Although Defendant provided her with short-term disability benefits from September 2012 through March 2013, it later denied her claim for long-term disability benefits. (*Id.* at ¶ 10.)

Plaintiff asserts that she is eligible for benefits under the terms of her disability insurance policy, but that Defendant has actively sought to deny her claim. (*Id.* at ¶¶ 12, 15.) She alleges that Defendant misrepresented the findings of its own paid medical reviewer and did not have her examined by a licensed physician or explain why it disagreed with her treating physicians. (*Id.* at ¶¶ 15-17.) She further alleges that Defendant required her to pursue Social Security benefits in an effort to reduce its own liability under the policy, and that it disregarded the Social Security Administration's finding that she is totally and permanently disabled from engaging in any sedentary gainful employment. (*Id.* at ¶ 18.)

In addition, Plaintiff alleges that Defendant's wrongful actions are not limited to her own claim. For example, Plaintiff contends that Defendant's medical reviewers "have shown a high, if not absolute, propensity[ ] of supporting its decision to deny claims"; that its "claims personnel are trained to make a

reasonable decision, not an accurate decision"; that it "operat[es] under an inherent and structural conflict of interest because any monthly benefits paid to [Plaintiff] are paid from [its] own assets with each payment depleting those same assets"; and that it "intentionally delays claim decisions . . . to earn income on the unpaid monthly benefits." (*Id.* at ¶¶ 19-20, 22, 25.) Plaintiff asserts that Defendant's "corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce the amount of monthly benefits paid," and that "[e]mployees who save [Defendant] money by terminating or denying claims are more likely to be rewarded . . . compared to those who do not." (*Id.* at ¶¶ 23-24.)

In her complaint, Plaintiff asserts three counts.[1] In Count I, Plaintiff claims that Defendant breached the insurance contract by denying her disability benefits in violation of the policy. (*Id.* at ¶¶ 27-30.) Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the plan benefits Defendant denied, to receive reinstatement for payment of future benefits, and to obtain declaratory relief. (*Id.* at ¶ 30.)

In Count II of the complaint, Plaintiff asserts that Defendant breached its fiduciary duty to her and "all other participants." (*Id.* at ¶¶ 31-33.) By way of

---

[1] Although the complaint does not separate the causes of action into "counts," the court has done so here for ease of reference.

example, Plaintiff provides the following eight bases upon which she asserts that Defendant breached its fiduciary duties:

    a. [E]stablishing a claims process in which its claims personnel systematically delay claims decisions;

    b. [E]stablishing a claims process in which its claims personnel automatically accept the opinions of [its] paid medical reviewers;

    c. [E]stablishing a claims process in which its claims personnel do not seek to reach an accurate decision, but instead only seek to render a reasonable decision;

    d. [E]stablishing a claims process in which [it] places financial interests ahead of the participants and beneficiaries;

    e. [E]stablishing a claims process in which [it] does not consult with health care professionals with appropriate training and experience;

    f. [E]stablishing a claims process that requires two levels of appeal, but fails to render decisions within the timelines mandated by ERISA;

    g. [E]stablishing a claims process that does not accurately apply the plan terms as written, but alters and add[s] terms for [its] own benefit; and

    h. [E]stablishing a claims process in which [it] does not seek independent and unbiased medical opinions, but instead seeks opinions favorable to its own financial interests.

(*Id.* at ¶ 32(a)-(h).) Plaintiff seeks equitable relief under 29 U.S.C. § 1132(a)(3), "including enjoining Defendant's claims practices that violate the terms of the plan

and ERISA, redressing such violations, and/or enforcing provisions of the plan and ERISA." (*Id.* at ¶ 33.)

In Count III, Plaintiff asserts a claim "on behalf of herself and all other [plan] participants" for "disgorgement and make whole relief," pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). (*Id.* at ¶¶ 34-37.) Plaintiff claims that, due to its "delayed payment of [her] monthly benefits, including [its] systematic practice of delaying claims decisions, [Defendant] has accumulated earnings on the plan benefits otherwise payable to [her]." (*Id.* at ¶ 34.) As a result, Plaintiff claims that she "has incurred damages in addition to the non-payment of her long term disability benefits . . . [and] seeks to have [Defendant] make her whole." (*Id.* at ¶ 36.)

On September 25, 2014, Defendant timely filed an answer to the complaint (Doc. 7), as well as a motion to transfer the case to the Middle District of Pennsylvania (Doc. 9). The motion was granted by memorandum and order on March 9, 2015, and the case was therein transferred to this court. (Doc. 17.) On May 1, 2015, Defendant filed the present motion for judgment on the pleadings. (Doc. 31.) In its motion, Defendant argues that Counts II and III of the complaint should be dismissed because Plaintiff is prohibited from seeking equitable relief under § 1132(a)(3) where an adequate remedy is provided elsewhere in the ERISA statute. On May 15, 2015, Plaintiff filed a response in opposition to Defendant's

motion (Doc. 35), and Defendant timely replied (Doc. 37).  Thus, the matter has been fully briefed and is ripe for disposition.

**II.      Legal Standard**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted).  The only notable difference between these two standards is that the court, on a motion for judgment on the pleadings, reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings.  2 Moore's Fed. Practice Civil § 12.38 (2004); *Prima v. Darden Restaurants, Inc.*, 78 F. Supp. 2d 337, 341-42 (D.N.J. 2000).  Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." *Christy v. We The People Forms & Serv. Ctrs.*, 213 F.R.D. 235, 238 (D.N.J. 2003).

In deciding a motion to dismiss under Rule 12(b)(6), the court must view all the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)

(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (directing that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions"). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plainitff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly* at 557.)

**III.     Discussion**

In its motion for judgment on the pleadings, Defendant contends that Plaintiff may not set forth a claim for equitable relief under 29 U.S.C. § 1132(a)(3) because she has an adequate remedy available to her under § 1132(a)(1)(B), namely long-term disability benefits under the terms of the plan as well as potential pre-judgment interest and attorney's fees in the court's discretion, as pleaded in Count I.  Alternatively, Defendant argues that Counts II and III should be dismissed because they fail to meet basic pleading requirements, and that, even assuming that Defendant has violated ERISA, the relief requested in Count III is not available.  Because the court ultimately finds that Plaintiff's claim for benefits under § 1132(a)(1)(B) in Count I provides her adequate relief and therefore requires dismissal of her equitable claims under § 1132(a)(3) in Counts II and III, the court need not address Defendant's alternative contentions.

ERISA was established "to ensure that employees would receive the benefits they had earned," but it does "not require employers to establish benefit plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 516 (2010) (citation omitted); s*ee* 29 U.S.C. § 1001b(c)(2).  ERISA thus represents a "careful balancing between ensuring fair and prompt enforcement of rights under [an employee benefit] plan and the encouragement of the creation of such plans." *Conkright*, 559 U.S. at 517 (citation omitted).  "Congress sought 'to create a

system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place." *Id.* (citation omitted). The scheme works because it "induc[es] employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred." *Id.* (citation omitted). Courts give deference to ERISA plan administrators to "promote[ ] efficiency by encouraging resolution of benefits disputes through internal administrative proceedings rather than costly litigation." *Id.* (citation omitted).

Plan beneficiaries are, however, permitted to bring lawsuits in some circumstances. Under § 1132(a), ERISA plan beneficiaries may bring civil actions "[t]o recover benefits due to [them] under the terms of [the] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, if a plaintiff is seeking a remedy "under the terms of the plan," he or she can bring an action under this section for breach of contract. Section 1132(a)(1)(B) is also the exclusive vehicle for bringing claims for "breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

ERISA also allows for equitable relief in some circumstances. Under § 1132(a)(3), plan beneficiaries may bring civil actions to "(A) [ ] enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). However, an equitable claim under § 1132(a)(3) is precluded where the claim is based upon the same conduct or requests the same relief as a claim for a denial of benefits under § 1132(a)(1)(B). As the Supreme Court has explained, § 1132(a)(3) functions "as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere remedy." *Varity*, 516 U.S. at 512. In other words, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief," as it "would not be appropriate." *Id.* at 515; *Ream v. Frey*, 107 F.3d 147, 152 (3d Cir. 1997) ("Where Congress otherwise has provided for appropriate relief for the injury suffered by a beneficiary, further equitable relief ought not be provided."). Thus, if Plaintiff's alleged injury can be adequately remedied under § 1132, her claims for equitable relief in Counts II and III are not viable.

Despite alleging numerous flaws in Defendant's claims process, the only injury Plaintiff ultimately purports to have suffered is a wrongful denial of benefits—an injury § 1132(a)(1)(B) is designed to address. *See Rochow v. Life*

10

*Ins. Co. of N. Am.*, 780 F.3d 364, 374-75 (6th Cir. 2015). Indeed, Plaintiff's alleged breach of fiduciary duty claims essentially amount to a contention that Defendant employed its "systematically flawed" claims practices and wrongfully denied her claim for benefits. Plaintiff does not otherwise allege in her complaint that she suffered any additional injury. As such, Plaintiff's § 1132(a)(1)(B) provides her with adequate relief and there is no need for further equitable relief, as any potential fiduciary breach can be fully remedied by an award of benefits under § 1132(a)(1)(B).

Moreover, although Plaintiff maintains that Defendant's claims process is "systematically flawed" and seeks plan-wide relief, she does not allege facts to support a claim of plan-wide wrongdoing. Rather, the well-pleaded facts alleged indicate problems with Defendant's denial of Plaintiff's claim. Plaintiff's unsupported allegations that the problems with her claim are indicative of systematic problems represent the "naked assertions devoid of further factual enhancement" that do not satisfy the pleading rules. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557.) Furthermore, and notwithstanding Plaintiff's assertion that she may seek relief on behalf of herself and "all other participants" (*see* Doc. 1, ¶¶ 33, 37), Plaintiff is not part of a class, but is instead proceeding only as an individual. Because her primary complaint is the denial benefits, this

triggers the aforementioned restriction that, when a § 1132(a)(1)(B) remedy is available, § 1132(a)(3) will not provide an appropriate equitable remedy.

## IV. Conclusion

Because Plaintiff's complaint alleges an injury for which § 1132(a)(1)(B) provides an adequate remedy, it fails to state a plausible claim for breach of fiduciary duty or disgorgement. Accordingly, the court will dismiss counts II and III of the complaint, thus limiting Plaintiff's claim to one arising as an improper denial of benefits under § 1132(a)(1)(B) of ERISA.

                                                     s/Sylvia H. Rambo
                                                  United States District Judge

Dated: December 8, 2015