IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YVONNE HILBERT,** : | |
| **Plaintiff** : | **Civil No. 1:15-cv-0471** |
| : | |
| v. : | |
| : | |
| **THE LINCOLN NATIONAL LIFE** : | |
| **INSURANCE COMPANY,** : | **Judge Sylvia H. Rambo** |
| **Defendant** : | |

# **M E M O R A N D U M**

Presently before the court is Plaintiff Yvonne Hilbert's ("Plaintiff") motion to compel discovery from Defendant The Lincoln National Life Insurance Company ("Defendant") and supporting brief. (Docs. 33 & 34.) Defendants have opposed the motion for discovery (Doc. 36) and Plaintiff replied (Doc. 41). Upon consideration of the parties' arguments, the court will deny the motion.

**I.      Background**

After allegedly becoming disabled and unable to maintain gainful employment, Plaintiff received short-term disability benefits from Defendant pursuant to an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. (Doc. 1, ¶ 9.) Defendant later denied Plaintiff's claim for long-term disability benefits (*id.* at ¶ 10), and Plaintiff commenced this suit. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the plan benefits Defendant denied, to receive

reinstatement for payment of future benefits, and to obtain declaratory relief.[1] (*Id.* at ¶ 30.)

Through this motion, Plaintiff seeks additional discovery beyond the administrative record for her claim. Defendants oppose the motion, claiming, *inter alia*, that the requested discovery is beyond the permissible scope of discovery in a case involving an ERISA-governed benefits plan.

## II.     Discussion

It is well established that the Federal Rules of Civil Procedure allow broad and liberal discovery. However, broad discovery does not necessarily apply in the context of ERISA. Indeed, in an ERISA case such as this where the abuse of discretion standard applies,[2] the review is limited to the administrative record and further discovery is generally not permitted. *See Stevens v. Santander Holdings USA, Inc. Self-Insured Short Term Disability Plan*, Civ. No. 11-cv-7473, 2013 WL 322628, *7 (D.N.J. Jan. 28, 2013) (citations omitted). A court may, however,

---

[1] In her complaint, Plaintiff also sought equitable relief under 29 U.S.C. § 1132(a)(3). However, Defendant filed a motion for judgment on the pleadings as to Plaintiff's equitable claims, and the court granted the motion by memorandum and order on December 8, 2015. (Docs. 48 & 49.)

[2] The parties herein appear to agree that the applicable plan grants Defendant the discretionary authority warranting an abuse of discretion standard of review. *See Firestone Tire & Rubber Co. v. Bruch*, 489. U.S. 101, 111 (1989). The question thus becomes the proper scope of discovery in this case under that deferential standard.

permit discovery if it is directed at an administrator's conflict of interest,[3] which must be considered as a factor in determining whether there has been an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The existence of such a conflict, however, does not change the standard of review or make it less deferential. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 234 (3d Cir. 2009). Rather, a "conflict is merely one factor, among several case-specific considerations, district courts should consider," and may serve as a tie-breaker only where the other factors are "closely balanced." *Glenn*, 554 U.S. at 117; *Doroshow*, 574 F.3d at 234 ("The Court in *Glenn* reiterated its position in *Firestone* that a reviewing court should consider the conflict of interest—but only as one consideration among many.") As such, any discovery into a potential conflict "must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed." *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009).

To establish that additional discovery is warranted, a plaintiff must—at the very least—make "a good-faith allegation of a procedural irregularity or bias in

---

[3] Conflicts of interest may be structural or procedural. "'Structural conflicts' relate to financial incentives inherent in a plan's design, such as where the same entity both funds and administers a benefits plan." *Sivalingam v. Unum Provident Corp.*, 735 F. Supp. 2d 189, 195 (E.D. Pa. 2010) (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 162 (3d Cir. 2007)). "'Procedural conflicts' pertain to the way in which the administrator arrives at its decision" and "often take the form of biases." *Id.* (citing *Post*, 501 F.3d at 165)).

the review process." *Mainieri v. Bd. of Tr. of Operating Eng'r's Local 825 Pension Fund*, Civ. No. 07-cv-1133, 2008 WL 4224924, \*3 (D.N.J. Sept. 10, 2008). Discovery generally should not be permitted beyond the administrative record when a plaintiff's allegation of bias or conflict amounts to nothing more than a dispute over the reasonableness of a defendant's benefits decision. *Cipriani v. Liberty Life Assur. Co. of Boston*, Civ. No. 12-cv-1335, 2014 WL 2115121, \*4 (M.D. Pa. May 21, 2014) (citation omitted).

Courts have wide discretion in deciding whether additional discovery is appropriate, and this discretion includes a ruling denying discovery beyond the administrative record. *Verme-Gibboney v. Hartford Ins. Co.,* Civ. No. 11-cv-3796, 2013 WL 6633084, \*3 (D.N.J. Dec. 16, 2013). In exercising its discretion, the court must keep in mind that countervailing forces exist between the need to permit plaintiffs to obtain discovery to prove bias and the need to limit discovery to prevent a costly and inefficient dispute. As such, the court should "limit discovery to those cases in which it appears likely that the plan administrator committed misconduct or acted with bias." *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 815-16 (7th Cir. 2006). The court cannot simply grant a plaintiff's request to conduct discovery outside the administrative record "where she has a groundless hope of finding some proof of bias after a long and costly search. Such a policy would seriously impair ERISA's goal of providing plan participants and

4

beneficiaries an expeditious and inexpensive method of resolving their disputes." *Delso v. Tr. Of the Ret. Plan for the Hourly Emps. of Merck & Co.*, Civ. No. 04-cv-3009, 2006 WL 3000199, *2 (D.N.J. Oct. 20, 2006).

In the instant matter, Plaintiff argues that, because Defendant is both the decision-maker and payer of benefits, she is entitled to extra-record discovery regarding the impact of such conflict. As discussed above, however, an allegation of structural conflict does not give a plaintiff "*carte blanche*" to seek conflict of interest discovery beyond the administrative record. *Verme-Gibboney*, 2013 WL 6633084 *4. Plaintiff has failed to establish any good faith basis for alleging bias or other irregularity in Defendant's decision-making process that affected her claim or that raises a reasonable suspicion of misconduct. Indeed, Plaintiff's broad allegations lack any case-specific factual basis for the court to suspect that she herself was affected by a bias or conflict. The court will not grant Plaintiff's request to conduct discovery outside the administrative record simply because she hopes that it may lead to some proof of bias after a long and costly search. Accordingly, where Plaintiff has failed to establish a good faith basis or reasonable suspicion of misconduct, the court will deny the motion for discovery beyond the administrative record.

**III.** **Conclusion**

For the reasons stated above, the court will deny Plaintiff's request to conduct additional discovery. An appropriate order will follow.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: February 24, 2016